AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 2:23-mj-277
)
8400 INDUSTRIAL PARKWAY, SUITE C, PLAIN CITY, OHIO 43064 )
)
)

## SEARCH AND SEIZURE WARRANT

To:  Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __Southern__ District of __Ohio__
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, which is fully incorporated herein.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, which is fully incorporated herein.

**YOU ARE COMMANDED** to execute this warrant on or before __May 8, 2023__ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __SD Ohio Clerk__ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
  ☐ for ___ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: __April 24, 2023  2:34 PM__

City and state: __Columbus, Ohio__

Kimberly A. Jolson
United States Magistrate Judge

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____<br><br>_____<br>*Executing officer's signature*<br><br>_____<br>*Printed name and title* |

## ATTACHMENT A
## DESCRIPTION OF LOCATION TO BE SEARCHED

The target location is 8400 Industrial Parkway Ste C, Plain City, Union County, OH 43064. It is described as a gray block and steal warehouse with black trim. The building consists of approximately 41,000 square feet of office and warehouse space, which includes several commercial loading bays. The entrance to the parking area is located on Industrial Parkway and is marked with a sign which says MIDWEST MOLDING INJECTION MOLDING with the numbers 8400. Suite C is under a red awning just to the left of the bay entrance marked with a number 5. There is also a white paper posted next to the door for suite C which states Excel Logistics LLC 8400 Industrial Parkway Ste C. The north side (rear side) of the building contains five (5) pedestrian exit doors, spaced approximately 30 feet apart.

## ATTACHMENT B

## ITEMS TO BE SEIZED

All items found at the location described in Attachment A that relate to violations of Title 21 U.S.C. § 952(a), including:

A. Any and all controlled substances.

B. Any and all logbooks, records, payment receipts, notes, and/or customer lists, ledgers, and other papers relating to the transportation, ordering, purchasing, processing, storage, and distribution of controlled substances; all records of assets, liabilities, income, and expenses;

C. Any and all papers, tickets, notices, credit card receipts, travel schedules, travel receipts, passports, and/or records, and other items relating to travel to obtain and distribute narcotics and narcotics proceeds. Evidence of such travel is often times maintained by drug traffickers in the form of airline receipts, bus tickets, automobile rental receipts, credit card receipts, travel schedules, diaries, hotel receipts, logs, travel agency vouchers, notes, cellular telephone tolls, and records of long-distance telephone calls;

D. Cellular device with associated telephone number 614-558-0198.

E. Any and all books, records, invoices, receipts, records of real estate transactions, financial statements, bank statements, canceled checks, deposit tickets, passbooks, money drafts, withdraw slips, certificates of deposit, letters of credit, loan and mortgage records, money orders, bank drafts, cashier's checks, bank checks, safe deposit box keys, money wrappers, wire transfer applications and/or receipts, fictitious identification, and other items evidencing the obtaining, secreting, transfer, concealment, and/or expenditure of money. Records of all assets purchased, obtained, and sold, all liabilities incurred or disposed of, and all expenditures paid either for the subjects, their nominees, or entities.

F. Any and all electronic equipment, such as cellular telephones, palm pilots, electronic PDA's (personal diaries and address books), currency counting machines, pagers (digital display

1

beepers), telephone answering machines, telephone caller identification boxes, video and audio cassette tapes, and any stored electronic communications contained therein;

G. Any and all photographs, including still photos, negatives, video tapes, films, undeveloped film, and the contents therein, slides, in particular, photographs of co-conspirators, of assets and/or narcotics;

H. Any and all address and/or telephone books, rolodex indices, and any papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers, sources of supply, storage facilities, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists;

I. Any and all computers, server, storage media, and peripheral equipment of any kind, and all of the contents thereof, including but not limited to tapes, cassettes, hardware, software, manuals, computer disks, compact disks, DVD disks, external hard drives, disk drives, thumb drives, monitors, printers, modems, routers, scanners, and computer programs of any kind and in any form, as well as indicia of the use or ownership of same; and

J. The opening and search, and removal, if necessary, of any safe or locked receptacle or compartment, in which some or all of the items listed herein may be maintained.

The items described herein include evidence in all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

As used above, the term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

2

As used above, the term "storage media" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

**Special instruction regarding computer systems used by HIYES, FORTUNE STAR INTERNATIONAL TRADE & LOGISTICS AND/OR EXCEL LOGISTICS INC. FORTUNE STAR INTERNATIONAL TRADE & LOGISTICS AND EXCEL LOGISTICS INC. for business operations. Should such systems have to be physically removed for mirroring, law enforcement shall make all reasonable efforts to provide files necessary to on-going. business operations available to FORTUNE STAR INTERNATIONAL TRADE & LOGISTICS AND/OR EXCEL LOGISTICS INC. FORTUNE STAR INTERNATIONAL TRADE & LOGISTICS AND EXCEL LOGISTICS INC. as soon as practicable. Further, the Government will return any computers or electronic storage devices removed from the Premises described in Attachment A within 30 days of the removal thereof, unless contraband is found on the removed computer and/or electronic storage device, or unless otherwise ordered by the Court.**

3